LIVINGSTON, C. J., and LAWSON, COLEMAN and KOHN, JJ., concur.

213 So.2d 856

ST. PAUL FIRE AND MARINE INSURANCE COMPANY

v.

GENERAL MUTUAL INSURANCE COMPANY et al.

6 Div. 66.

Supreme Court of Alabama.

Aug. 22, 1968.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Mead, Norman & Fitzpatrick, Birmingham, for appellee General Mut. Ins. Co.

McEniry, McEniry & McEniry, Bessemer, for appellee Terry.

PER CURIAM.

This appeal presents a contest mainly between two insurance companies, one (St.

Paul Fire and Marine Insurance Company) asserting and the other (General Mutual Insurance Company) denying coverage under a policy of insurance issued by the latter to pay damages to Joe L. Terry on a claim against him for failure to insure a building, owned by claimant J. D. Batton, that was destroyed by fire.

The contest finds expression through the medium of a petition for a declaratory judgment on issues raised by the pleading. The trial court held that, under the evidence, appellee, General Mutual Insurance Company, had no policy coverage, and therefore was not liable to Mr. Terry. From this decree of the circuit court, in equity, Jefferson County, complainant in the lower court appeals with appropriate assignments of error. ·

There is very little, if any, conflict in the evidence, which was taken ore tenus. Terry, doing business as Terry Realty Company, was engaged in the business of soliciting and writing insurance (including fire) and of handling as agent for others real estate in Jefferson County. Among his customers was Dr. J. D. Batton, who claims that on October 7, 1958, Terry negligently failed to renew a policy of fire insurance on his building which was destroyed by fire on October 4, 1961.

It appears from the evidence that General Mutual Insurance Company (which we shall hereafter refer to as General Mutual) on April 12, 1960, issued to Terry an "Errors and Omissions" coverage, which expired on April 12, 1961. This policy purportedly provided against loss to Terry through error or omission as here occasioned by erroneously failing to renew fire insurance. The policy so issued contained pertinent provisions as follows:

"This Company shall subject to all terms and conditions of this Master Policy and Certificates of Insurance issued hereunder and made a part hereof, indemnify the Named Insureds against any claim or claims for breach of duty as Insurance Agents, Insurance Brokers or General Insurance Agents, and not in any other capacity, which may be made against them during the policy period by reason of any negligent act, error, or omission, whenever or wherever committed or alleged to have been committed, on the part of the Named Insureds of any person who has been, is now, or may hereafter during the subsistence of this Insurance be employed by the Named Insureds, in the conduct of any business conducted by or on behalf of the named Insureds in their capacity as Insurance Agents, Insurance Brokers or General Insurance Agents, and not in any other capacity.

\* \* \* \* \* \*

"6. If the Company cancels this Insurance or the Named Insured fails to renew or to pay the premium called for above and in so doing automatically fails to renew this Insurance, any claim made against the Insured within one year after the termination hereof by reason of any negligent act, error or omission committed or alleged to have been committed before the termination hereof shall be deemed for the purposes of this Insurance to have been made during the subsistence hereof."

St. Paul Fire and Marine Insurance Company (which we shall refer to as St. Paul Company), on April 12, 1961, issued to Terry an "Errors and Omissions" policy that expired on April 12, 1964. This policy was in full force and effect when the fire occurred on October 4, 1961. This company here makes no contention that it is not liable to Terry in the absence of coverage by General Mutual for the claim of Dr. Batton, but contends in its brief that General Mutual is contractually and lawfully bound under the terms of its policy to share payment in whole or in part of the damages which Terry claims by reason of fire loss to the uninsured property of Dr. Batton; and, also, contends that General Mutual is lawfully bound to participate in the defense of Terry.

The trial court decided both issues of contention against St. Paul Company on the ground that the policy of General

Mutual was not in force and effect after April 12, 1961.

It further appears from the evidence that Terry on April 12, 1961, the date General Mutual's basic policy expired, voluntarily changed the insurance coverage of said policy to gain advantage of less premium cost and a smaller deductible clause, by placing the insurance with St. Paul Company.

The trial court in its decree incorporated a paragraph as follows:

"It is the opinion of the Court that the policy of insurance issued to the Terry Realty Company by the General Mutual Insurance Company had expired April 12, 1961; that the policy conditions as listed under the provisions of paragraph 6 thereof, extending the coverage of said policy for a period of one (1) year after the termination thereof, is not applicable in the instant case in that the facts as the same are found herein indicate a voluntary change in the coverage to place the insurance with the complainant; that the facts in no way indicate a failure on the part of the named insured to renew or to pay the premium called for therein; and that for said reason, the Respondent, General Mutual Insurance Company, a corporation, is not obligated to defend the said Joe L. Terry against the claim of Dr. J. D. Batton for the loss of his property occasioned by fire while said property was uninsured."

Also, the trial court decreed. in part as follows:

"2. That the policy of the Respondent, General Mutual Insurance Company, a corporation, was not in force and effect on October 4, 1961, at which time a claim arose by reason of the failure or omission of Joe L. Terry to renew the fire insurance on the property belonging to Dr. J. D. Batton; that the said General Mutual Insurance Company, a corporation, is hereby declared to be under no obligation to pay or defend the said Joe L. Terry doing business as Terry Realty Company by reason of any claim against him for the loss occasioned by said fire and the failure to renew the fire insurance policy thereon."

We are in accord with the above opinion and decree of the trial court. The date of the error or omission to renew the fire insurance on Dr. Batton's property was October 7, 1958. This was before the effective date of either policy issued by the insurance companies here involved. No contention is here made that the policies if in force would not cover a claim arising from this omission or error.

But, does paragraph 6, supra, of General Mutual's policy extend the coverage for one year beyond the expiration date of the policy, which was April 12, 1961? Was there "a failure to renew" within the meaning of paragraph 6, supra? We think that the words "fails to renew," appearing in this paragraph 6, supra, are consonant with one definition of the word "fail," given in Webster's Third International (Unabridged) Dictionary as follows: .

" * * * to neglect to do something: * * * leave something undone: * * * be found wanting in not doing something * * *."

The insured, Mr. Terry, procured other satisfactory insurance from St. Paul Company against omission and errors on his part in writing insurance. The failure to renew was not due to neglect, oversight or inadvertence on his part, but was the product of considered and deliberate intention not to renew. He gave General Mutual notice that he did not want to renew. When he made this election and took out the insurance with St. Paul Company, which afforded coverage of the claim, he was no longer entitled to protection under paragraph 6, supra, of General Mutual's policy. One purpose of paragraph 6, as we see it, was to protect Terry against his own neglect, oversight, or inadvertence in renewing the policy. We will not under-

take to envision or delineate other factors which might invoke coverage under paragraph 6, supra, but we do conclude, under the facts here obtaining, that coverage under General Mutual's policy terminated on April 12, 1961.

The decree of the lower court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and KOHN, JJ., concur.